ROBINSON v. FRIESS

---

(July 5, 1927. Opinion and Decree.)
(July 14, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 625.
Where only facts are involved, the judgment of the lower court will be affirmed, unless manifestly erroneous.

Appeal from First City Court. Div. "C". Hon. Wm. V. Seeber, Judge.

*Action by Henry W. Robinson against W. M. Friess.*

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. W. Robinson, of New Orleans, attorney for plaintiff, appellant.

A. R. Christovich, of New Orleans, attorney for defendant, appellee.

JONES, J. Plaintiff sues for damages in the amount of One Hundred Eighty-nine and 38/100 ($189.38) Dollars, alleged to have been sustained by his automobile, on November 15th, 1924, on Elm street between Fern and Burdette streets.

He alleges that his car was being driven by his son at a moderate rate of speed in the middle of Elm street; and that it had reached the middle of the block between Fern and Burdette, when the Studebaker truck of William M. Friess, the defendant, suddenly emerged from behind a parked Willys-Knight car on the right hand side of Elm street and struck plaintiff's automobile; that the cause of the accident was carelessness and negligence on the part of said Friess in suddenly coming from the right to the left hand side of the street in front of his car.

Defendant after denying the allegations of plaintiff's petition and averring that plaintiff's car was being driven at a high and reckless rate of speed reconvened in the amount of One Hundred Thirty-nine and 75/100 ($139.75) Dollars, alleging that the accident was due solely to the negligence of the driver of plaintiff's car, in violating speed and traffic laws, in failing to avail himself of the last clear chance to avoid the accident.

The Royal Indemnity Company intervened as insurer of plaintiff herein.

Upon the trial of the cause there was a judgment in favor of defendant, dismissing the suit at the costs of plaintiff; and further judgment dismissing the reconventional demand at cost of defendant, from which judgment plaintiff has appealed and defendant has answered.

A. M. Conway, witness for plaintiff, who did not see the accident, testified to the position of the two cars and also that Robinson's car had skidded several feet after the collision.

H. M. Robinson, driver of the car of plaintiff, testified that on the day and hour he was driving about twenty miles per hour down Elm street, which is only nineteen

feet wide, and that just as he, Robinson, got about 35 feet from the scene of the accident Mr. Friess' car suddenly shot from the right hand side of Elm street to the left to pass a parked car, whereupon the two cars collided; that the accident took place about even with the left rear fender of the parked car; that the distance between the right hand curb and the parked car was not wide enough to admit two cars to pass; that he had just left the L. S. U.-Tulane football game, which was in progress, and was returning to it with pennants marked "Welcome L. S. U." when the accident occurred; that he did not change his speed as he passed the parked car.

Friess testified that he was coming up Elm street about 18 miles an hour, making a customary delivery, in his Studebaker truck; that he was traveling up the middle of the street and as he started to pass on the left of a parked Willys-Knight car, which was on the right hand side of Elm street, saw midway between Burdette and Fern streets the car of Mr. Robinson; which at that time was near Fern street about 140 feet away, coming very rapidly; that it struck his car just as he was passing the front end of the parked car and veering to the right.

Friess testifies that Mr. Robinson was traveling about 35 or 40 miles an hour and after the collision went about 45 feet before he could stop his car.

The fourth witness testified that he was driving behind Friess on Elm street; that he had been driving behind Mr. Friess for some distance and knew that he was not going over 18 miles an hour; that Friess was traveling in the middle of the street and had almost passed the parked car when the car of plaintiff, coming at a fast rate of speed, struck defendant's car; that, when Friess' car started to pass the parked car, plaintiff was near Fern street, between 100 and 150 feet away; that after the collision, Mr. Robinson's car went about 45 feet and that it was coming at a good rate of speed, about twenty-five or thirty miles an hour.

As only questions of fact are involved and as the above analysis of the evidence convinces us that the lower judge was correct in his conclusions, the judgment is affirmed.